IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: BEXTRA AND CELEBREX
MARKETING SALES PRACTICES AND
PRODUCT LIABILITY LITIGATION

No. C 05-01699 CRB

MDL No. 1699

**PRETRIAL ORDER #1**

_____/

This Order Relates to:

ALL CASES

_____/

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred certain

product liability and marketing sales practices actions relating to the drugs Bextra and

Celebrex to this Court for coordinated pretrial proceedings. As the number and complexity

of these actions warrant holding a single, coordinated initial case management conference for

all actions in In Re: Bextra and Celebrex Marketing, Sales Practices and Product Liability

Litigation, MDL No. 1699, the Court ORDERS as follows:

1.      APPLICABILITY OF ORDER --- Prior to the initial pretrial conference and

entry of a comprehensive order governing all further proceedings in this case, the provisions

of this Order shall govern the practice and procedure in those actions that were transferred to

this Court by the Panel. This Order also applies to all related cases filed in all divisions of

the Northern District of California and all "tag-along actions" later filed in, removed to, or

United States District Court

For the Northern District of California

1   transferred to this Court.

2           2.       CONSOLIDATION---The civil actions transferred to this Court or related to

3   the actions already pending before this Court are consolidated for pretrial purposes.  Any

4   "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in

5   the Northern District of California, will automatically be consolidated with this action

6   without the necessity of future motions or orders.  This consolidation does not constitute a

7   determination that the actions should be consolidated for trial, nor does it have the effect of

8   making any entity a party to any action in which he, she or it has not been named, served or

9   added in accordance with the Federal Rules of Civil Procedure.

10          3.       DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--

11  Matters relating to pretrial and discovery proceedings in these cases will be addressed at an

12  initial pretrial conference to be held on **Thursday, December 8, 2005 at 2:15 p.m.**  before

13  Judge Charles R. Breyer in the Ceremonial Courtroom, 19th Floor, United States Courthouse,

14  450 Golden Gate Avenue, San Francisco, California.  Counsel are expected to familiarize

15  themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at

16  the conference to suggest procedures that will facilitate the expeditious, economical, and just

17  resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and

18  22.63 shall, to the extent applicable, constitute a tentative agenda for the conference.

19  Counsel shall confer and seek consensus to the extent possible with respect to the items on

20  the agenda, including a proposed discovery plan, amendment of pleadings, and consideration

21  of any class action allegations and motions.  If the parties have any suggestions as to any case

22  management orders or additional agenda items, these suggestions shall be filed with the

23  Court by **December 1, 2005.**

24          4.       POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court

25  by **December 1, 2005** a brief written statement indicating their preliminary understanding of

26  the facts involved in the litigation and the critical factual and legal issues.  These statements

27  will not be binding, will not waive claims or defenses, and may not be offered in evidence

28  against a party in later proceedings.  The parties' statements shall identify all cases that have

2

**United States District Court**

For the Northern District of California

1   been transferred to or related before this Court, and shall identify all pending motions in

2   those cases.  The statement shall also list all related cases pending in state or federal court

3   (that have not already been transferred to this Court), together with their current status,

4   including any discovery taken to date, to the extent known. The parties shall be limited to one

5   such submission for all plaintiffs and one such submission for all defendants.

6          5.       INITIAL CONFERENCE APPEARANCES --- Each party represented by

7   counsel shall appear at the initial pretrial conference through the party's attorney who will

8   have primary responsibility for the party's interest in this litigation.  Parties not represented

9   by counsel may appear in person or through an authorized and responsible agent. To

10  minimize costs and facilitate a manageable conference, parties with similar interests may

11  agree, to the extent practicable, to have an attending attorney represent the party's interest

12  at the conference.  A party will not by designating an attorney to represent the party's

13  interest at the conference be precluded from other representation during the litigation, nor

14  will attendance at the conference waive objections to jurisdiction, venue or service.

15         6.       SERVICE---Prior to the initial pretrial conference, service of all papers shall

16  be made on each of the attorneys on the Panel Attorney Service List attached to this Order.

17  Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney

18  Service List may do so upon request to the Clerk and notice to all other persons on such

19  service list.  The parties shall present to the Court at the initial conference a service list of

20  attorneys and their office addresses and E-mail addresses.  After the initial conference,

21  service shall be by e-filing, as is explained in paragraph 9.

22         7.       RESPONSE EXTENSION AND STAY--Defendants are granted an extension

23  of time for responding by motion or answer to the complaint(s) until a date to be set by this

24  Court.  Pending the initial conference and further orders of this Court, all outstanding

25  discovery proceedings are stayed, and no further discovery shall be initiated.  Moreover, all

26  pending motions must be renoticed for resolution on a motion day or days after the initial

27  case management conference.

28

**United States District Court**

For the Northern District of California

1    8.      MASTER DOCKET FILE --- The Clerk of Court will maintain a master

2 docket case file under the style "In Re: Bextra and Celebrex Marketing Sales Practices and

3 Product Liability Litigation" and the identification "MDL No. 1699."  When a pleading is

4 intended to apply to all actions, this shall be indicated by the words: "This Document Relates

5 to All Cases."  When a pleading is intended to apply to fewer than all cases, this Court's

6 docket number for each individual case to which the document number relates shall appear

7 immediately after the words "This Document Relates to."

8    9.      FILING --- This case is subject to Electronic Case Filing ("ECF"), pursuant to

9 General Order 45, Section VI of which requires that all documents in such a case be filed

10 electronically.  General Order 45 provides at Section IV (A) that "Each attorney of record is

11 obligated to become an ECF User and be assigned a user ID and password for access to the

12 system upon designation of the action as being subject to ECF."  If she or he has not already

13 done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and

14 password.  Forms and instructions can be found on the Court's Web site at

15 ecf.cand.uscourts.gov.

16    All documents shall be e-filed in the master file, 05-1699.  Documents that pertain to

17 one or only some of the pending actions shall *also* be e-filed in the individual case(s) to

18 which the document pertains.

19    10.     DOCKETING NEW CASES---When an action that properly belongs as part of

20 In Re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation is

21 filed after the date of this Order in the Northern District of California or transferred here

22 from another court, the Clerk of this Court shall:

23    a.      File a copy of this Order in the separate file for such action;

24    b.      Make an appropriate entry on the master docket sheet;

25    c.      Mail to the attorneys for the plaintiff in the newly filed or transferred case a

26    copy of this Order;

27    d.      Upon the first appearance of any new defendant, mail to the attorneys for

28    the defendant in such newly filed or transferred cases a copy of this Order.

4

**United States District Court**

For the Northern District of California

1    11.    APPEARANCES --- Counsel who appeared in a transferor court prior to

2  transfer need not enter an additional appearance before this Court.  Moreover, attorneys

3  admitted to practice and in good standing in any United States District Court are admitted pro

4  hac vice in this litigation, and the requirements of Northern District of California Local Rule

5  11-3 are waived.  Association of local counsel is not required.

6    12.    REMAND STIPULATIONS --- In the event that a case is remanded, the

7  parties shall furnish to the Clerk of Court a stipulation or designation of the contents of

8  the record and furnish all necessary copies of any pleadings filed so as to enable the

9  transferee clerk to comply with the order of remand.

10    13.    PRESERVATION OF EVIDENCE --- All parties and their counsel are

11  reminded of their duty to preserve evidence that may be relevant to this action. The duty

12  extends to documents, data, and tangible things in the possession, custody and control of

13  the parties to this action, and any employees, agents, contractors, carriers, bailees, or

14  other nonparties who possess materials reasonably anticipated to be subject to discovery

15  in this action.  "Documents, data, and tangible things" shall be interpreted broadly to

16  include writings, records, files, correspondence, reports, memoranda, calendars, diaries,

17  minutes, electronic messages, voice mail, E-mail, telephone message records or logs,

18  computer and network activity logs, hard drives, backup data, removable computer

19  storage media such as tapes, discs and cards, printouts, document image files, Web

20  pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills,

21  vouchers, checks statements, worksheets, summaries, compilations, computations,

22  charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical

23  process photographs, video, phonographic, tape or digital recordings or transcripts

24  thereof, drafts, jottings and notes, studies or drafts of studies or other similar such

25  material.  Information that serves to identify, locate, or link such material, such as file

26  inventories, file folders, indices, and metadata, is also included in this definition. Until

27  the parties reach an agreement on a preservation plan or the Court orders otherwise, each

28  party shall take reasonable steps to preserve all documents, data and tangible things

**United States District Court**

For the Northern District of California

1  containing information potentially relevant to the subject matter of this litigation.

2  Counsel is under an obligation to the Court to exercise all reasonable efforts to identify

3  and notify parties and non-parties, including employees of corporate or institutional

4  parties.

5          14.     FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of

6  the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed

7  with the Clerk nor sent to the Judge's Chambers, except to the extent needed in connection

8  with a motion.

9          15.    LIAISON COUNSEL --- Prior to the initial conference, counsel for the

10 plaintiffs and counsel for defendants shall, to the extent they have not already done so, confer

11 and seek consensus on the selection of a candidate for the position of liaison counsel for each

12 group who will be charged with essentially administrative matters.  For example, liaison

13 counsel shall be authorized to receive orders and notices from the Court on behalf of all

14 parties within their liaison group and shall be responsible for the preparation and transmittal

15 of copies of such orders and notices to the parties in their liaison group and perform other

16 tasks determined by the Court.  Liaison counsel shall be required to maintain complete files

17 with copies of all documents served upon them and shall make such files available to parties

18 within their liaison group upon request.  Liaison counsel are also authorized to receive orders

19 and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the

20 Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their

21 liaison group and shall be responsible for the preparation and transmittal of copies of such

22 orders and notices to the parties in their liaison group.  The expenses incurred in performing

23 the services of liaison counsel shall be shared equally by all members of the liaison group in

24 a manner agreeable to the parties or set by the Court failing such agreement.  Appointment of

25 liaison counsel shall be subject to the approval of the Court.  At the first conference liaison

26 counsel and/or the parties should be prepared to discuss any additional needs for an

27 organizational structure or any additional matters consistent with the efficient handling of

28 this matter.

6

**United States District Court**

For the Northern District of California

1  |  16.   PLAINTIFFS' STEERING COMMITTEE- -The Court  intends to appoint

2  a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage

3  of this litigation with the defendants' representatives or committee.

4  Applications/nominations for the PSC positions must be e-filed in master case no. 05-

5  1699 on or before Monday, **December 20, 2005.**  A courtesy copy must be mailed

6  directly to Judge Breyer's chambers.

7   The main criteria for membership in the PSC will be: (a) willingness and

8  availability to commit to a time-consuming project; (b) ability to work cooperatively

9  with others; and (c) professional experience in this type of litigation.

10  Applications/nominations should succinctly address each of the above criteria as well as

11  any other relevant matters.  No submissions longer than three (3) pages will be

12  considered.  The Court will only consider attorneys who have filed a civil action in this

13  litigation.

14   Objections may be made to the appointment of a proposed applicant/nominee;

15  nevertheless, the Court will entertain only written objections to any

16  application/nomination.  These objections must be e-filed in master case no. 05-1699 on

17  or before January 7, 2006, with a courtesy copy mailed to Judge Breyer's chambers.  The

18  objections, if any, must be short, yet thorough, and must be supported by necessary

19  documentation.

20   The PSC will have the following responsibilities:

21  A.   Discovery

22   (1)   Initiate, coordinate, and conduct all pretrial discovery on behalf of

23  plaintiffs in all actions which are consolidated with the instant multi district litigation.

24   (2)   Develop and propose to the Court schedules for the commencement,

25  execution, and completion of all discovery on behalf of all plaintiffs.

26   (3)   Cause to be issued in the name of all plaintiffs the necessary discovery

27  requests, motions, and subpoenas pertaining to any witnesses and documents needed to

28  properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.

7

1  Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written

2  request by an individual attorney in order to assist him/her in the preparation of the pretrial

3  stages of his/her client's claims.

4         (4)    Conduct all discovery in a coordinated and consolidated manner on

5  behalf and for the benefit of all plaintiffs.  No attorney for a plaintiff may be excluded from

6  attending the examination of witnesses and other proceedings.  Such attorney may suggest

7  questions to be posed to deponents through the designated PSC members provided that such

8  questions are not repetitious.

9         B.    Hearings and Meetings

10         (1)    Call meetings of counsel for plaintiffs for any appropriate purpose,

11  including coordinating responses to questions of other parties or of the Court.  Initiate

12  proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s)

13  pertaining to pretrial proceedings.

14         (2)    Examine witnesses and introduce evidence at hearings on behalf of

15  plaintiffs.

16         (3)    Act as spokesperson for all plaintiffs at the pretrial proceedings and in

17  response to any inquiries from the Court, subject of course to the right of any plaintiff's

18  counsel to present non-repetitive individual or different positions.

19         C.    Miscellaneous

20         (1)    Submit and argue any verbal or written motions presented to the Court

21  on behalf of the PSC as well as oppose when necessary any motions submitted by the

22  defendants or other parties which involve matters within the sphere of the responsibilities of

23  the PSC.

24         (2)    Negotiate and enter into stipulations with defendants regarding this

25

26  litigation.  All stipulations entered into by the PSC, except for strictly administrative details

27  such as scheduling, must be submitted for Court approval and will not be binding until the

28

*United States District Court*

*For the Northern District of California*

United States District Court

For the Northern District of California

1    Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative

2    stipulation shall file with the Court a written objection thereto within ten (10) days after

3    he/she knows or should have reasonably become aware of the stipulation.  Failure to object

4    within the term allowed shall be deemed a waiver and the stipulation will automatically be

5    binding on that party.

6              (3)    Explore, develop, and pursue all settlement options pertaining to any

7    claim or portion thereof of any case filed in this litigation.

8              (4)    Maintain adequate files of all pretrial matters and have them available,

9    under reasonable terms and conditions, for examination by plaintiffs or their attorneys.

10             (5)    Prepare periodic status reports summarizing the PSC's work and

11   progress.  These reports shall be submitted to the Plaintiffs' Liaison Counsel who will

12   promptly distribute copies to the other plaintiffs' attorneys.

13             (6)    Perform any task necessary and proper for the PSC to accomplish its

14   responsibilities as defined by the Court's orders.

15             (7)    Perform such other functions as may be expressly authorized by

16   further orders of this Court.

17             (8)    Reimbursement for costs and/or fees for services will be set at a time

18   and in a manner established by the Court after due notice to all counsel and after a hearing.

19          17.    COMMUNICATION WITH THE COURT --- Unless otherwise ordered by

20   this Court, all substantive communications with the Court shall be in writing and e-filed.  The

21   Court recognizes that cooperation by and among plaintiffs' counsel and by and among

22   defendants' counsel is essential for the orderly and expeditious resolution of this litigation.

23   The communication of information among and between plaintiffs' counsel and among and

24   between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or

25   the protection afforded attorneys work product, and cooperative efforts contemplated above

26   shall in no way be used against any plaintiff by any defendant or against any defendant by

27   //

28   //

9

**United States District Court**

For the Northern District of California

1  any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any

2  party or counsel to assert the attorney-client privilege or attorney work product doctrine.

3       **IT IS SO ORDERED.**

4

5

Dated: November 8, 2005                         _____

6                                               CHARLES  R. BREYER
                                                UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28